power of compelling the attendance of such witness by attachment. the writ of attachment is equally a lawful precept to him directed, under the authority of the United States, and he is equally bound to execute and return it. The whole question is finally resolved into that of the power of the court to compel the attendance of the witness; for if the court has that power the process is lawful; and if lawful, the marshal is bound to execute and return it.

Upon the whole, therefore, we are satisfied that this court has the power to send an attachment into the district of Virginia, for the purpose of compelling the attendance of a witness. provided it appears by affidavit that the witness lives within one hundred miles of the place of trial; and we think the return of the marshal upon the subpoena. and the record of the default of the witness. and the affidavit as to residence. sufficient primâ facie evidence of a contempt, upon which to issue the attachment.

See also the case of Wellford v. Miller [Case No. 17,381], in Alexandria, July term, 1808.

NOTE. Attachment for contempt. 1 Bac. Abr. 180. It issues at the discretion of the judges of a court of record against a person for some contempt, for which he is to be committed: and may be awarded by them upon a bare suggestion, or on their own knowledge, without any appeal, indictment. or information; and this summary method of proceeding is certainly now established as part of the law of the land. See, also, 4 Bl. Comm. 284; Hammond v. Stewart, 1 Strange, 510; Wyat v. Wingford. 2 Ld. Raym. 1528; Chapman v. Pointon. 2 Strange, 1150; Bowles v. Johnson, 1 W. Bl. 36; Pearson v. Iles. 2 Doug. 560; Rex v. Plunket. 3 Burrows. 1329; Rex v. Ring, 8 Term R. 585; Tidd. Prac. 256; Respub. v. Oswald. 1 Dall. [1 U. S.] 323; Jackson v. Mann, 2 N. Y. Term R. 92; Stretch v. Wheeler, Barnes, 497.

VOSS (MOORE v.). See Case No. 9,778.

VOSS (MORGAN v.). See Cases Nos. 9,811 and 9,812.

VOSS (THOMPSON v.). See Case No. 13,979.

## Case No. 17,015.
### VOSS v. TUEL.
[1 Cranch, C. C. 72.] [1]

Circuit Court, District of Columbia. March Term, 1802.

#### BAIL—TRESPASS.

Bail required in trespass for cutting up a scow.

Trespass, for cutting a scow to pieces.

The plaintiff made affidavit that he had been informed and believed that the defendant with others had cut up and carried away his scow. and that it was worth one hundred dollars, and that he apprehended the defendant would leave the district upon the issuing of process against him, unless he should be held to bail.

THE COURT refused to permit the defendant to appear without special bail. MARSHALL, Circuit Judge, absent.

VOSS (UNITED STATES v.). See Case No. 16,628.

## Case No. 17,016.
### VOSS v. VARDEN.
[1 Cranch, C. C. 410.] [1]

Circuit Court, District of Columbia. June Term, 1807.

#### BREACH OF CONTRACT.

Upon an agreement to do certain brick work at twelve dollars a thousand, in a workmanlike manner, the plaintiff may recover, although part was not done in a workmanlike manner.

Declaration for work and labor. The plaintiff proved an agreement to do certain brickwork, in a workmanlike manner, at twelve dollars a thousand. The defendant proved that part of the work was not done in a workmanlike manner.

Mr. Caldwell, for defendant, prayed the court to instruct the jury that if they should be of opinion that the work was not done in a workmanlike manner, the plaintiff could not recover any thing.

But THE COURT refused. DUCKETT, Circuit Judge, absent.

## Case No. 17,017.
### VOWELL v. ALEXANDER.
[1 Cranch, C. C. 33.] [1]

Circuit Court, District of Columbia. July Term, 1801.

#### BILL OF EXCHANGE—INDORSEMENT—ACCEPTANCE.

1. In Virginia, debt lies by the indorsee of an inland bill, against the acceptor.

2. Judgment will not be arrested because the plaintiff's name is indorsed on the bill in blank.

Debt by indorsee against the acceptor of an inland bill of exchange.

Verdict for the plaintiff, and motion in arrest of judgment, 1st, because an action of debt will not lie; 2d, because it appears, by the plaintiff's indorsement on the bill, that he had parted with his right and interest therein. The plaintiff's name was indorsed in blank, not having been struck out at the trial.

Motion overruled, and judgment entered for plaintiff.

## Case No. 17,018.
### VOWELL v. BACON.
[4 Cranch, C. C. 97.] [1]

Circuit Court, District of Columbia. Nov. Term, 1830.

#### SEAMEN'S WAGES—LIEN—MASTER.

A master of a vessel has no lien for his wages, on goods consigned to his owners.

Trover, by the assignee of a bill of lading given by the defendant as master of the brig Numa, for sundry bags of money consigned to the owners of the brig.

---

[1] [Reported by Hon William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]